```
        IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

UNITED STATES OF AMERICA   *

v.   *

                            CRIMINAL NO.: WDQ-11-0302

DAREN KAREEM GADSDEN   *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Daren Kareem Gadsden is charged with bank fraud and other crimes. Pending is the government's motion seeking the admission of business records. For the following reasons the government's motion for admissibility of business records will be granted in part and denied in part.

I.   Background

Gadsden was indicted on December 21, 2011, on (1) one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, (2) one count of aggravated identity theft in violation of 18 U.S.C. §§ 2, 1028A(a)(1) & (c)(5), and (3-4) two counts of attempting to tamper with evidence or evidence tampering in violation of 18 U.S.C § 1512(c)(1). ECF No. 52 (Second Superseding Indictment).

Gadsden registered Keith Daughtry Contracting LLC ("the LLC") with the Maryland Department of Assessments and Taxation;

Darden opened a bank account for the LLC on May 25, 2010. *Id.* at 5. The conspirators registered the LLC's account in the ACH network. *Id.* Using the ACH, they then transferred funds from the Housing Authority to the LLC's account. *Id.*

On May 2, 2012, the government filed the Third Superseding Indictment charging Gadsden. The Third Superseding Indictment also charged that $7,775 in unauthorized ACH payments were made to Fisher Consulting LLC in April and May 2012, ECF No. 120 at 3-4, and Gadsden withdrew $900 and $1000 off of Netspend debit cards on August 2, 2010. *Id.* at 7-8. Each count of bank fraud alleged an act by Gadsden in execution of the scheme to defraud.

On July 7, 2012, the government moved in limine for a Court ruling on the admissibility of business records pursuant to Fed. R. Evid. 803(6) and 902(11). Despite the Court's order that Gadsden state whether he would stipulate to the authenticity of certain business records by June 15, 2012, *see* ECF No. 115, Gadsden did not. On July 31, 2012, Reynolds indicated that his client would object. Telephone Conference July 31, 2012, at 5:57-6:12. Gadsden filed no opposition to the government's motion. On September 13, 2012, the government filed documents that had been unintentionally omitted from its original motion. ECF No. 153.

II.  Analysis

    A.  Admissibility under 803(6) and 902(11)

The government seeks a ruling that certain business records are admissible under Fed. R. Evid. 803(6) and 902(11).[1] ECF No. 132. Gadsden has not responded, although his counsel has indicated that Gadsden would object to admissibility. Telephone Conference July 31, 2012, at 5:57-6:12.

Generally, a statement, other than one made by the declarant while testifying at the trial or hearing, "offer[ed] in evidence to prove the truth of the matter asserted" is inadmissible as hearsay. Fed. R. Evid. 801(c). There are numerous exceptions.

Reports and documents prepared in the ordinary course of business are generally presumed trustworthy because "businesses depend on such records to conduct their own affairs" and "the employees who generate them have a strong motive to be accurate and none to be deceitful." *Rambus, Inc. v. Infineon Techs. AG*, 348 F. Supp. 2d 698, 702 (E.D. Va. 2004) (internal quotation marks omitted). Under Fed. R. Evid. 803(6), a record of a regularly conducted activity of a business may be admitted into evidence as an exception to the rule against hearsay. For admissibility, Rule 803(6) requires:

---

[1] The government has provided a list of the documents in ECF No. 150-1.

 (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

 (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

 (C) making the record was a regular practice of that activity;

 (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

 (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Rule 902(11) provides for the self-authentication of business records by "a certification of the custodian or another qualified person." Fed. R. Evid. 902(11). A certification is a sworn statement or unsworn statement under the penalty perjury.[2] A qualified person must be familiar with the record keeping requirements of the business and the creation of the records.[3] The proponent of admission under Rule 902(11) must

---

[2] *Doali-Miller v. SuperValu, Inc.*, No. PWG-10-2422, 2012 WL 1223726, at *8 (D. Md. Apr. 11, 2012); see Fed. R. Evid. 902 Advisory Committee Note (2000) ("A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath."); 28 U.S.C. § 1746 (permitting a statement executed under the penalty of perjury to substitute for a sworn certificate).

[3] *Rambus*, 348 F. Supp. 2d 698 at 703; see *United States v. Porter*, 821 F.2d 968, 977 (4th Cir. 1987); *United States v. Sofidiya*, 165 F.3d 22 (table), 1998 WL 743597, at *3 (4th Cir. 1998).

give written notice of the intent to offer the record and make the record and certification available for inspection. *Id.*

Here, the government has provided written notice of its intent to introduce the business records through 902(11) through its motion for a ruling on admissibility. ECF No. 132; *see* Fed. R. Evid. 902(11). The government has provided the relevant documents to Gadsden's counsel. *See* ECF Nos. 114, 125.

The records submitted by the government and their admissibility are as follows:

| Record: Bates Nos. | Admissible? | Reason |
| --- | --- | --- |
| Internal Revenue Service: 0510-0528[4] | No | Letter is not sworn or under penalty of perjury |
| NVR Mortgage: 0531-1210 | Yes | Certification meets Rules 803(6) and 902(11) |
| AT&T: 1211-6234 | No | No Rule 902(11) certification |
| Sprint/Nextel ((202) 427-5972): 6235-6302 | No | No Rule 902(11) certification |
| UPS Store (12138 Central Ave.): 6303-6309 | Yes | Certification meets Rules 803(6) and 902(11) |
| Liberty Tax Service: 6312-6324 | Yes | Certification meets Rules 803(6) and 902(11) |
| Delta Airlines: 6326-6332 | Yes | Certification meets Rules 803(6) and 902(11)[5] |

---

[4] The record itself and the purported certification were omitted from the government's initial filing and were provided to the Court in a supplemental submission. *See* ECF No. 153. The purported certification is not Bates numbered. Further, the IRS acknowledges that it does not meet the requirements of a certification. *See* ECF No. 153, IRS Letter at 1.

[5] The certification indicates four pages but the record submitted by the government, including the certification is seven pages long. The record consists of three printouts, each of which is two pages long. *See* Bates Nos. 6327-6332. Each printout is two pages in the record, but the second page of each contains little

| Record: Bates Nos. | Admissible? | Reason |
|---|---|---|
| Bank of America (Housing Authority): 6333-6350 | Yes | Affidavit meets Rules 803(6) and 902(11) |
| Southwest Airlines: 6351-6359 | Yes | Certification meets Rules 803(6) and 902(11) |
| Verizon Wireless: 6360-6375 | Yes | Certification meets Rules 803(6) and 902(11) |
| RVI Compact Appliance | Yes | Certification meets Rules 803(6) and 902(11) |
| PNC Bank: 6380-6472 | No | Letter is not sworn or under penalty of perjury |
| T-Mobile: 6474[6] | No | No Rule 902(11) certification |
| Sprint/Nextel ((410) 905-9814): 6475-6506 | No | Number of pages in the certification differ from the record[7] |
| Google, Inc.: 6507-6512, 6515-6591 | No | Letter is not sworn or under penalty of perjury |
| Expedia.com: 6513-6514 | No | Letter[8] is not sworn or under penalty of perjury |
| U.S. Airways: 6592-6597 | Yes | Certification meets Rules 803(6) and 902(11) |
| FDIC: 6603-6618 | Yes | Affidavit meets Rules 803(6) and 902(11) |

or no information; at most, they contain two lines of text cut off from the first page. Compare Bates No. 6327, with Bates No. 6328. The stated four pages equal the one-page certification and one page each for the three printouts. The Court is satisfied of the trustworthiness of this record. See Fed. R. Evid. 803(6).

[6] The government's list of records submitted misidentifies this record as Bates No. 6473. See ECF No. 150 Ex. A.

[7] This record lists 28 pages for a 32 page document. See Bates No. 4680. The certification is dated January 25, 2011. Id. Part of the record is a 26-page log of calls dated March 20, 2012. Bates Nos. 6481-6506. Because the number of pages and the date of the log conflict with the certification, the record does not indicate sufficient trustworthiness and is not admissible. See Fed. R. Evid. 803(6)(E).

[8] The purported certification was omitted from the original production and submitted to the Court in a supplemental letter. See ECF No. 153. It does not have a Bates number.

Case 1:11-cr-00302-CCB   Document 159   Filed 09/24/12   Page 7 of 10

| Record: Bates Nos. | Admissible? | Reason |
| --- | --- | --- |
| Aria Resort & Casino: 6719-6726 | Yes | Certification meets Rules 803(6) and 902(11) |
| Liberty Travel: 6773-6774 | No | No Rule 902(11) certification |
| American Express: 6775-7170 | No | Number of pages in the certification differ from the record[9] |
| Bank of America (Fisher Consulting LLC): 7176-7350 | Yes | Affidavit meets Rules 803(6) and 902(11) |
| Citibank, N.A.: 7352-7441 | Yes | Certification meets Rules 803(6) and 902(11) |
| Santa Barbara Tax Products: 7529-7532 | Yes | Certification meets Rules 803(6) and 902(11) |
| Internal Revenue Service: 7865-7870 | No | Rule 803(6) is inapplicable[10] |
| Nordstrom's: 7984-7985 | Yes | Certification meets Rules 803(6) and 902(11) |
| BB&T Bank: 7986-8002 | Yes | Certification meets Rules 803(6) and 902(11) |

---

[9] The certification for American Express record (Bates Nos. 6775-7170) certifies 138 pages. The record, however, is nearly 400 pages long. The number of pages considered by American Express is difficult to determine because record includes the grand jury subpoena itself. See Bates Nos. 6676-6778. The total number of pages designed by the government, including the certification, is 396. Because the number of pages in the certification is so different from the pages in the record, the American Express record is not sufficiently trustworthy and is not admissible. See Fed. R. Evid. 803(6)(E).

[10] This record is a certification of a *lack* of a record rather than a record itself. See, e.g., Bates No. 7865. Rule 803(6) is not applicable and the record cannot be admitted under this provision. The government has not sought admission of this record under a theory other than 803(6). Further, admissibility of a *lack* of a government record for use at trial raises serious Confrontation Clause issues which neither the government nor Gadsden has addressed. Cf. ECF No 132 at 3-5; see also United States v. Earle, 488 F.3d 537, 541-45 (noting, but not deciding, that certificates of no record raise significant confrontation issues).

| Record: Bates Nos. | Admissible? | Reason |
|---|---|---|
| Southwest Airlines/AirTran Airlines: 8003-8030 | Yes | Certification meets Rules 803(6) and 902(11) |
| Louis Vuitton North America, Inc.: 8031-8033 | Yes | Certification[11] meets Rules 803(6) and 902(11) |

That some records will not be admitted under the accompanying order does not mean that they are not admissible under Rules 803(6) and 902(11). If the government provides acceptable certifications under Rule 902(11) that meet the requirements of Rule 803(6), these records may be admitted.

B.   Confrontation Clause

The government argues that the admission of business records under Rules 803(6) and 902(11) does not violate the Sixth Amendment's Confrontation Clause and that Gadsden's failure to respond to the motion in limine to admit the business records has waived any objection. ECF No. 132 at 5. Despite the government's contention, Gadsden's failure to respond to the motion in limine is likely insufficient to waive his right of

---

[11] This record was certified under penalty of perjury by staff counsel who did not say she was the custodian. Bates No. 8031. She certified under penalty of perjury that the records were made at or near the time or occurrence, that they were kept in the course of a regularly conducted business activity, and that they were made as a regular practice. *Id.* As the staff counsel has the knowledge of the record keeping requirements and creation, as is required to swear that the records were in compliance with the requirements, she is a qualified person. *See Rambus*, 348 F. Supp. 2d at 703. The record is admissible under Rules 803(6) and 902(11).

Confrontation. *See United States v. Williams*, 632 F.3d 129, 133 (4th Cir. 2011). Nevertheless, the Confrontation Clause is no bar to admissibility.

The Confrontation Clause gives the accused "the right to be confronted with the witnesses against him." U.S. Const. amend. VI. *Crawford v. Washington*, 541 U.S. 36 (2004), held that the Confrontation Clause bars the "admission of testimonial statements of a witness who d[oes] not appear at trial unless [1] he [is] unavailable to testify, and [2] the defendant . . . had a prior opportunity for cross-examination." 541 U.S. at 53-54. The key to the application of the Confrontation Clause's requirements is that the statements were testimonial. *See Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2716-17 (2011).

The Fourth Circuit has held that business records admitted under Rules 803(6) and 902(11) are not testimonial and not subject to the Confrontation Clause. *See United States v. Mallory*, 461 F. App'x 352, 356-57 (4th Cir. 2012). Many other Courts of Appeals have held that business records and their certifications do not violate the right to Confrontation.[12] The

---

[12] *See e.g.*, *United States v. Thompson*, 686 F.3d 575, 581-82 (8th Cir. 2012); *United States v. Adefehinti*, 410 F.3d 319, 328 (D.C. Cir. 2007); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006); *see also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) (stating in dicta that business records are generally not subject to Confrontation).

Confrontation Clause is no bar to the admission of business records under 803(6) or 902(11) in this case.

III. Conclusion

The government's motion in limine for admissibility of business records will be granted in part and denied at part.

___9/24/12___  
Date

___/s/ William D. Quarles___  
William D. Quarles, Jr.  
United States District Judge