IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

DAREN KAREEM GADSDEN

CRIMINAL NO.: WDQ-11-0302

* * * * * * * * * * * * *

MEMORANDUM OPINION

Daren Kareem Gadsden is charged with bank fraud and other crimes. Pending are the government's motion seeking the admission of business records and Gadsden's *pro se* motion for this Court to examine PNC Bank records and hold an evidentiary hearing. For the following reasons the government's motion will be granted in part and denied in part. Gadsden's *pro se* motion will be denied.

I. Background

On December 21, 2011, Gadsden was indicted for bank fraud conspiracy, aggravated identity theft, and evidence tampering arising out of a scheme to steal funds from the Housing Authority of Baltimore City. ECF No. 52 (Second Superseding

Indictment). On May 2, 2012, the grand jury returned the thirteen-count Third Superseding Indictment against Gadsden[1].

On July 7, 2012, the government moved *in limine* for a Court ruling on the admissibility of business records pursuant to Fed. R. Evid. 803(6) and 902(11). ECF No. 132. On September 24, 2012, the Court granted in part and denied in part the motion, based on whether the records complied with Rules 803(6) and 902(11). ECF No. 160.

On October 1, 2012, the Court began a jury trial. On October 15, 2012, the Court declared a mistrial after the jury was unable to reach a verdict. On November 8, 2012, the Court scheduled the retrial to begin on July 15, 2013 and set January 18, 2013 as the deadline for defense motions. ECF No. 207.

On January 18, 2013, Gadsden's counsel filed a motion to adopt Gadsden's prior counsel's motions from the first trial, and stated that he would not file any new motions. ECF No. 216. On May 16, 2013, Gadsden filed a *pro se* motion for this Court to examine PNC Bank records and hold an evidentiary hearing. ECF No. 230 (SEALED).

---

[1] He was charged with (1) one count of bank fraud conspiracy in violation of 18 U.S.C. § 1349, (2-9) eight counts of bank fraud in violation of 18 U.S.C. § 1344, (10-11) two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) & (c)(5), and (12-13) two counts of attempting to tamper with evidence and evidence tampering in violation of 18 U.S.C. § 1512(c)(1). ECF No. 120.

On May 31, 2013, the government again moved *in limine* for a business records ruling. ECF No. 233. On June 21, 2013, Gadsden, through counsel, opposed the motion. ECF No. 254. On June 27, 2013, the government replied. ECF No. 255.

II. Analysis

The government seeks a ruling that certain business records are admissible under Fed. R. Evid. 803(6) and 902(11). ECF No. 233. Gadsden requests that the Court defer a ruling because "until the introduction of the records is proposed in the context of the trial, the defense can neither confirm nor deny that the records are relevant, accurate, and constitutionally sound." ECF No. 254.

Generally, a statement, other than one made by the declarant while testifying at the trial or hearing, "offer[ed] in evidence to prove the truth of the matter asserted" is inadmissible as hearsay. Fed. R. Evid. 801(c), 802. There are numerous exceptions.

Reports and documents prepared in the ordinary course of business are generally presumed trustworthy because "businesses depend on such records to conduct their own affairs" and "the employees who generate them have a strong motive to be accurate and none to be deceitful." *Rambus, Inc. v. Infineon Techs. AG*, 348 F. Supp. 2d 698, 702 (E.D. Va. 2004) (internal quotation marks omitted). Under Fed. R. Evid. 803(6), a record of a

regularly conducted activity of a business may be admitted into evidence as an exception to the rule against hearsay. For admissibility, Rule 803(6) requires:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Rule 902(11) provides for the self-authentication of business records by "a certification of the custodian or another qualified person." Fed. R. Evid. 902(11). A certification is a sworn statement or unsworn statement under the penalty of perjury.[2] A qualified person must be familiar with the record keeping requirements of the business and the creation of the

---

[2] *Doali-Miller v. SuperValu, Inc.*, No. PWG-10-2422, 2012 WL 1223726, at *8 (D. Md. Apr. 11, 2012); see Fed. R. Evid. 902 Advisory Committee Note (2000) ("A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath."); 28 U.S.C. § 1746 (permitting a statement executed under the penalty of perjury to substitute for a sworn certificate).

records.[3] The proponent of admission under Rule 902(11) must give written notice of the intent to offer the record and make the record and certification available for inspection. Id.

Here, the government has provided written notice of its intent to introduce the business records through 902(11) through its motions for a ruling on admissibility. ECF Nos. 132, 233; see Fed. R. Evid. 902(11). The government has provided the relevant documents to Gadsden's counsel. See ECF Nos. 114, 125, 233.

The government seeks admission of four groups of business records based on certifications: (1) records ruled admissible by the Court's September 24, 2012 Order, (2) records admitted at trial under new Rule 902(11) certifications that were not admitted through the Court's prior Order, (3) new records and certifications that were provided with the motion, and (4) records--authenticated at trial by custodians--that now have certifications. ECF No. 233. Although unclear, it appears that the government also seeks admission of some records based on the custodians' authentication at trial. Id. at 3-7.

The Court will adopt its previous ruling for those documents accompanied by certifications. See ECF No. 160. At

---

[3] Rambus, 348 F. Supp. 2d 698 at 703; see United States v. Porter, 821 F.2d 968, 977 (4th Cir. 1987); United States v. Sofidiya, 165 F.3d 22 (table), 1998 WL 743597, at *3 (4th Cir. 1998).

trial, the Court admitted records from Expedia.com (Bates Nos. 6513-6514; Gov't Trial Ex. 47; certification at ECF No. 161 at 10), Liberty Travel (Bates Nos. 6773-6774; Gov't Trial Ex. 104; certification at ECF No. 161 at 9), and UPS Store 3540 (Bates Nos. 8214-8217[4]; Gov't Trial Ex. 26; certification at ECF No. 164 at 4). The records meet the requirements of Rules 803(6) and 902(11) and will again be admitted.

For the first time the government seeks admission of TD Bank records for Theresa Simmons. ECF No. 233-3. The certification and documents meet Rules 803(6) and 902(11) and will be admitted.

At trial, the Court admitted Keith Daughtry Contracting LLC records from PNC Bank after witness authentication. Gov't Trial Ex. 2. The government has provided a certification for these documents that meets Rules 803(6) and 902(11). ECF No. 233-2. These documents are admissible.[5]

---

[4] The initial submission of these records bore Bates Nos. 6658-6602. When submitted with the certification, these pages were given additional numbers of 8214-8217. The page numbered 6600 was omitted from the resubmission with the certification, but contained only a Privacy Act notification.

[5] Gadsden has filed an untimely, *pro se* motion for an evidentiary hearing to examine these documents. ECF No. 230 (SEALED); see ECF No. 207 (setting motions deadline). He asserts these documents are fraudulent based on various deficiencies including, *inter alia*, headings indicating zero enclosures while other text indicates that additional information was enclosed, balances were shown for weekends against PNC practice, and

The government also seeks admission of AT&T and Sprint phone records that were admitted at trial. See ECF No. 233-1 (listing exhibits). These records are a subset of those that the Court denied admission in the September 24, 2012 Order.[6] See ECF No. 160. The certifications and the records that now accompany them comply with Rules 803(6) and 902(11) and will be admitted. See ECF Nos. 233-4, 5.

The government has also listed several other records in the Index of Relevant Records that were authenticated by a custodian

---

transactions were marked with an asterisk without a legend unlike a "[r]eal PNC bank statement." ECF No. 230 (SEALED).

The Court has no obligation to consider *pro se* motions by represented parties or untimely motions. See *United States v. Johnson*, 953 F.2d 110, 116 (4th Cir. 1991); *United States v. White*, No. 7:08-CR-00054, 2010 WL 1462180, at *1 (W. D. Va. Apr. 12, 2010) ("Although there is a paucity of Fourth Circuit precedent directly addressing this issue, every . . . Court of Appeals to have considered the phenomenon of a *pro se* motion filed by a represented party has determined that a court does not have to accept or entertain these motions."). Additionally, Gadsden relies on unsubstantiated assertions about the contents of "real" statements and factual inferences from the documents themselves. See ECF No. 230 (SEALED). Although there may be inconsistencies in the documents, the custodian has certified that these records are true and correct copies of the originals. See ECF No. 233-2 at 1. The Court finds them sufficiently trustworthy to meet the requirements of Rule 803(6). The jury will decide what weight, if any, to give to these records. Accordingly, the motion will be denied.

[6] The Court denied the motion for the AT&T record because it lacked a certification. ECF No. 159 at 5. The original motion concerned two sets of Sprint records, portions of which have since been combined. One lacked a certification. *Id.* The other contained fewer pages than the certification, and logged calls that were made after the certification was signed; accordingly, the Court found the records not sufficiently trustworthy. *Id.* at 6 & n.7.

7

at the previous trial. ECF No. 233 at 3-7. Although unclear, it appears to seek their admission for the retrial without a certification.[7] To the extent that the government seeks admission of these documents, the motion will be denied for lack of compliance with Rule 902(11).[8] See SEC v. Franklin, 348 F. Supp. 2d 1159, 1164-65 (S.D. Cal. 2004) (refusing to qualify unsigned SEC depositions under oath as Rule 902(11) certifications).

To address Gadsden's concern, these rulings of admissibility are only as to self-authentication under Rule 902(11) and the business records hearsay exception of Rule 803(6). Gadsden may challenge their admission on relevance and other grounds at trial. However, as the Court has previously held, the records and the certifications do not violate the Confrontation Clause. See ECF No. 159 at 8-10; see, e.g., United States v. Mallory, 461 F. App'x 352, 356-57 (4th Cir. 2012). Accordingly, the government's motion will be granted in part and denied in part.

---

[7] They are (1) several thousand pages of AT&T records not included within the certification, (2) additional Sprint records, and (3) Gadsden LLC records from PNC Bank. ECF No. 233 at 3-5. The government has also included records from Google and First ACH/Pathfinder Payment Solutions in this chart, but it has indicated that it will call their custodians at trial. Id. at 3, 5, 7.

[8] Of course, admissibility of these records will be reconsidered if appropriate certifications are provided.

III. Conclusion

For the reasons stated above, the government's motion *in limine* for admissibility of business records will be granted in part and denied at part. Gadsden's motion for an evidentiary hearing will be denied.

7/2/17
Date

_____
William D. Quarles, Jr.
United States District Judge