IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-11-302 |
| | * | |
| DAREN KAREEM GADSDEN | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Daren Kareem Gadsden filed a pro se motion for compassionate release on the basis of underlying health conditions (asthma and hypertension) that make him particularly vulnerable to COVID-19. (ECF 493). The court denied the motion without prejudice because Gadsden provided neither documentation supporting his claim of underlying conditions, nor any evidence of administrative exhaustion. (ECF 495).

Now pending is Gadsden's second motion for compassionate release, to which he attaches evidence of administrative exhaustion and one page of medical records. (ECF 496). Gadsden again asserts that he has hypertension and asthma, but the attached medical record mentions only hypertension (i.e. high blood pressure). (*See* ECF 496-1). The court is not persuaded that Gadsden's hypertension rises to the level of an "extraordinary and compelling reason" warranting a sentence reduction within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).

1

illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). The CDC distinguishes between those conditions where someone "[is] at increased risk" (e.g., obesity), and those where someone "might be at an increased risk" (e.g., type 1 diabetes). *Id*. Hypertension is in the latter group. *Id*. Absent evidence of other underlying conditions that make Gadsden particularly vulnerable to COVID-19, the court does not believe his hypertension is grounds for compassionate release. *See, e.g.*, *United States v. Brown*, No. CR SAG-10-0344, 2020 WL 3833284, at *4 (D. Md. July 8, 2020) ("Just because Brown might have one underlying condition that elevates his risk for severe illness from COVID-19 does not mean that he is entitled to compassionate release. Instead, his underlying medical conditions must compellingly increase his risk for severe illness, or death, if he were to contract COVID-19.").

      Accordingly, Gadsden's second motion for compassionate release (ECF 496) is DENIED.

      So Ordered this 13th day of August, 2020.

/S/

Catherine C. Blake
United States District Judge